# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ARTIS MOORE, | Case No. 2:19-cv-01328-RFB-VCF |
| Petitioner, | |
| v. | **ORDER** |
| JERRY HOWELL, et al., | |
| Respondents. | |

On October 4, 2019, this court denied petitioner's motion to proceed *in forma pauperis* and directed him to pay the filing fee in order to proceed with his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 3. He has complied with that order and paid the required fee. ECF No. 4. The court has conducted a preliminary review of the petition as required by Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254. For reasons that follow, the petition will be dismissed for lack of jurisdiction.

With his petition, petitioner seeks to set aside a Nevada conviction for first-degree murder entered in 1999. The Court notes that Petitioner brought a previous habeas action in this Court challenging the same conviction. Moore v. McDaniel, 3:07-cv-00240-RCJ-RAM. In that proceeding, the Ninth Circuit Court of Appeals affirmed this Court's denial of Moore's habeas petition but reversed the court's decision that all of Moore's claims were exhausted. Moore v. Nevada Atty. Gen., 542 F. App'x 650 (9th Cir. 2013). The Court of Appeals dismissed the lone unexhausted claim. Id. at 653-54. The United States Supreme Court subsequently denied Moore's petition for writ of certiorari. Moore v. Masto, 572 U.S. 1105 (2014).

If a petitioner has previously filed an application for habeas relief under section 2254 which has been denied on the merits, the Court cannot grant relief with respect to

a claim that was presented in the prior application. 28 U.S.C. § 2244(b)(1). In addition, the Court cannot grant relief with respect to a claim that was not presented in the prior application unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). Moreover, § 2244(b)(3) requires a petitioner to obtain leave from the appropriate court of appeals before filing a second or successive petition in the district court.

Moore has failed to secure an order from the Court of Appeals authorizing this action as required by § 2244(b)(3). Therefore, this Court is without jurisdiction to consider the habeas petition filed herein. See Burton v. Stewart, 549 U.S. 147, 153 (2007).

Moreover, this Court questions whether Moore can make either showing under § 2244(b)(2) given the grounds upon which he now seeks to challenge his conviction. All three of his habeas claims are premised on the allegation that the jury instructions in his case improperly blurred the distinction between premeditation and deliberation, two elements of first-degree murder in Nevada, as prescribed in Byford v. State, 994 P.2d 700 (Nev. 2000).

Byford was decided in February 2000 while Moore's direct appeal was pending. The Nevada Supreme Court clarified back in 2008 that because the change effected by Byford narrowed the scope of the criminal statute, it should, as a matter of due process, apply to anyone whose conviction was not final at the time Byford was decided. See Nika v. State, 198 P.3d 839, 850 (Nev. 2008). Moore's conviction was final at the time and so he cannot claim that his Byford claim was "previously unavailable." The Nevada Supreme

Court further clarified that Byford announced a change in state law and did not implicate any federal constitutional questions, and thus had no retroactive application on collateral review. Id. at 1288. Moore relies on Montgomery v. Louisiana, 136 S. Ct. 718 (2016) and Welch v. United States, 136 S. Ct. 1257 (2016) to argue that Byford was a new substantive rule of federal constitutional law that should thus apply retroactively. But in an unpublished case, the Ninth Circuit rejected the notion that Montgomery and Welch apply. Berry v. Williams, No. 18-70711, 2019 WL 6040278, at *1 (9th Cir. Nov. 14, 2019). ("[Montgomery and Welch do not] require retroactive application of a change in state law, like that adopted by the Nevada Supreme Court in Byford v. State, 994 P.2d 700 (Nev. 2000), to cases on collateral review."

Moore also has no plausible argument that the factual predicate for his claims could not have been discovered previously.

### Certificate of Appealability

If petitioner seeks to appeal this decision, he must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability); Sveum v. Smith, 403 F.3d 447, 448 (7th Cir. 2005) (per curiam) (holding that a certificate of appealability is required when the district court dismisses a motion on the ground that it is an unauthorized, successive collateral attack). A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In addition, when a § 2254 petition is denied on procedural grounds, a certificate of appealability should issue only when the petitioner shows that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

1 | Petitioner has not made a substantial showing that a reasonable jurist would find it debatable whether this court is correct in dismissing his petition on procedural grounds. Therefore, the court denies a certificate of appealability.

**IT IS THEREFORE ORDERED** that the Clerk shall file the petition for writ of habeas corpus (currently docketed as ECF No. 1-1). The petition is dismissed for lack of jurisdiction. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied.

**IT IS FURTHER ORDERED** the Clerk shall add Aaron D. Ford, Attorney General of the State of Nevada, as counsel for respondents and ELECTRONICALLY SERVE the petition and a copy of this order on the respondents.

DATED THIS 20th day of November, 2019.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**